**SEABOARD MACHINERY CORP. et al.
v. SEABOARD MACHINERY
CORP. et al.**

United States District Court
S. D. New York.
Aug. 25, 1953.

Fischbach & Crowe, New York City, for plaintiffs.

Samuel B. Ohlbaum, New York City, for defendant Seaboard Machinery Corp.

SUGARMAN, District Judge.

On July 13, 1953, the summons and complaint in the within action for a declaratory judgment and other relief were served on the purported secretary of the defendant, Seaboard Machinery Corp. (New Jersey).

On July 28, 1953, said defendant served a notice of motion to dismiss the action on the grounds (1) it is a foreign corporation not subject to process in this district, and (2) it has not been properly served with process. That motion has not yet been determined.

On August 4, 1953, plaintiff's notice to examine the defendant, Seaboard Machinery Corp. (New Jersey), upon oral examination was served upon the attorney who had appeared "specially" for that defendant.

Defendant, Seaboard Machinery Corp. (New Jersey), now moves for an order vacating plaintiff's notice on the grounds (1) this court has not obtained jurisdiction over the defendant, Seaboard Machinery Corp. (New Jersey), and (2) the said notice has not been served upon said defendant by leave of court.

In the affidavit in opposition to the defendant's motion the plaintiff's counsel states that the plaintiff's notice to take the deposition of the defendant, Seaboard Machinery Corp. (New Jersey)

"was served with a view to getting the sworn facts from defendant so that they might be used in opposition to defendant's motion to dismiss the complaint and quash the return of service".

For that purpose the better practice seems to be that the deposition be permitted.[1]

Leave of court to take the deposition was not required because the notice was not served within twenty days after commencement of the action.[2]

Settle order for the movant's examination, limited as hereinabove indicated, to be taken at a time and place agreeable to the parties.

1. Moore's Fed.Prac., 2d Ed., Vol. 4, para. 26.09(2), p. 1046, footnote 33.

2. Fed.Rules Civ.Proc. rule 26(a), 28 U.S. C.A.